UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                                    :
JOSEPH PEOPLES,                                     :
                                                    :        CASE NO. 1:07-CV-02901
                Petitioner,                         :
                                                    :
vs.                                                 :        OPINION & ORDER
                                                    :        [Resolving Doc. Nos. 1, 23, & 24]
MICHELLE EBERLIN, *Warden*                          :
                                                    :
                Respondent.                         :
                                                    :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

          The Petitioner, Joseph Peoples, files motion under 28 U.S.C. § 2254 for a writ of habeas

corpus.  [Doc. 1.]  With his petition, Peoples seeks relief from his Ohio convictions for six counts

of trafficking in cocaine, three counts of possession of cocaine, and one count of possessing criminal

tools.  [Doc. 1.]  Respondent Michelle Eberlin, Warden of the Belmont Correctional Institute,

opposes the petition.  [Doc. 20.]

          On September 17, 2010, Magistrate Judge Greg White recommended that this Court deny

Peoples's petition.  [Doc. 23.]  Peoples objects to the Magistrate Judge's Report and

Recommendation. [Doc. 24.]  For the following reasons, the Court **ADOPTS** the Magistrate Judge's

Report and **DENIES** Peoples's petition for a writ of habeas corpus.

### I. Background

          In April 2005, Petitioner Peoples was arrested after involvement in several sales of crack

Case No. 1:07-CV-02901
Gwin, J.

cocaine to a confidential informant.  [Doc. 1-1 at 4.]  After executing a search warrant of Peoples's

home in Painesville, Ohio, narcotics agents discovered marijuana belonging to Peoples.  [Doc. 1-1

at 4.]  Agents also found crack cocaine belonging to Peoples in a nearby hotel room.  [Doc. 1-1 at

4.]  On June 7, 2005, the Lake County Grand Jury charged Petitioner Peoples with six counts of

trafficking cocaine in violation of Ohio Revised Code § 2925.03(A)(1), three counts of possession

of cocaine in violation of Ohio Revised Code § 2925.11, and one count of possessing criminal tools

in violation of Ohio Revised Code § 2923.24.  [Doc. 12-1 at 1-9.]

On August 9, 2005, a jury convicted Peoples on each of the charged counts.  The state trial

court then sentenced Peoples to a total term of twelve years imprisonment on September 15, 2005.

[Doc. 12-1 at 9.]  On December 15, 2005, Peoples filed a notice of appeal with the Court of Appeals

for the Eleventh Appellate District.  [Doc. 1-1.]  In his appeal, Peoples raised four assignments of

error.[1]  On March 27, 2006, the Ohio state appellate court affirmed Peoples's convictions, but

remanded the case for re-sentencing in light of *State v. Foster* and *Apprendi v. New Jersey*.  845

N.E.2d 480 (Ohio 2006); 530 U.S. 466 (2000).  [Doc. 1-1.]  On April 19, 2007, Peoples filed a

notice of appeal with the Supreme Court of Ohio, maintaining only one of the previously argued

assignments of error.  [Doc. 12-1 at 86.]  In his appeal to the Ohio Supreme Court, Peoples said that

his convictions for possession and drug trafficking of cocaine were against the manifest weight of

the evidence.  [Doc. 12-1 at 86.]  However, on October 13, 2007, the Supreme Court of Ohio

dismissed Peoples's appeal as not involving any substantial constitutional question.  [Doc. 12-1 at

---

[1] On the appeal, Peoples raised four assignments of error: (1) "The trial court's imposition of consecutive sentences upon appellant based upon findings not made by the jury nor admitted by appellant is contrary to law and violates appellant's right to due process . . ."; (2) "The trial court erred by imposing consecutive sentences upon appellant"; (3) "The trial court committed plain error by admitting the video and testimony of an alleged grow room"; and (4) "The appellant's convictions for possession and trafficking in the cocaine found at the hotel are against the manifest weight of the evidence." [Doc. 1-1 at 7.]

Case No. 1:07-CV-02901
Gwin, J.

140.]²/

On October 16, 2008, Peoples filed an application to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B), challenging the performance of his appellate counsel for not raising a sufficiency of the evidence claim.  [Doc. 20-1 at 3.]  On March 16, 2009, the appellate court allowed the reopening of his appeal to consider whether Peoples's appellate counsel was ineffective.  *State v. Peoples*, 2010 WL 2245602, at *3 (Ohio Ct. App., Jun. 4, 2010).  On June 7, 2010, the court of appeals found against Peoples on the sufficiency argument and concluded that appellate counsel was not ineffective.  *Peoples*, 2010 WL 2245602, at *7 (Ohio Ct. App., Jun. 4, 2010).  Peoples did not appeal this decision to the Ohio Supreme Court.  [Doc. 20-1 at 1.]

On September 24, 2007, Petitioner Peoples filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  In his petition, Peoples asserts one ground for relief, saying that he was "denied effective assistance of appellate counsel where counsel failed to urge meritorious sufficiency analysis."  [Doc. 1 at 2.]  In his habeas petition, Peoples makes the same claim for relief that were presented in his state Rule 26(B) motion.  On October 1, 2008, the Court stayed the habeas petition to allow Peoples to exhaust his state remedies.  [Doc. 14.]

On July 22, 2009, after his state appeal was completed, the stay was lifted.  [Doc. 19.]  On September 17, 2010, Judge Greg White recommended that this Court deny the petition as procedurally defaulted.  [Doc. 23.]  On October 2, 2010, Petitioner Peoples – still acting *pro se* – filed objections to the report and recommendation and also requests an evidentiary hearing on his claim of ineffective assistance of counsel.  [Doc. 24.]

## II. Legal Standard

---

²/ On September 19, 2007, Peoples was re-sentenced to the same twelve year term.  [Doc. 12 -1 at 137.]

Case No. 1:07-CV-02901
Gwin, J.

*II.A    Substantive Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition.  AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  Meanwhile, under the "unreasonable application" clause, "a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413.  The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable.  *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

A district court may hold an evidentiary hearing where the petitioner is not at fault for failing to develop the factual record in state court. 28 U.S.C. § 2254(e)(2); *Williams*, 529 U.S. at 432.  The

-4-

Case No. 1:07-CV-02901
Gwin, J.

test for "failed to develop" is defined as a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in his or her attempts to discover and present a claim in state court. *Williams*, 529 U.S. at 432; *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (en banc). However, "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring . . . an evidentiary hearing." *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006).

*II.B    Procedural Bars to Review*

A habeas petitioner must also overcome procedural barriers before a federal court will review the merits of the petition. *Daniels v. United States*, 532 U.S. 374 (2001).

i.   Exhaustion of State Remedies

A petitioner must exhaust his state remedies or have no remaining state remedies before a federal court will review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)-(c).  This requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented."  *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).  Unless an exception applies, the Court must dismiss a petition for lack of exhaustion if it contains at least one issue that was not presented to the state courts so long as that remedy is still available for the petitioner to pursue in the state courts.  *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).  However, where relief no longer exists in state court, a court may not dismiss the petition for failure to exhaust state avenues.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

ii.  Procedural Default

Absent either cause and prejudice or a finding of actual innocence, a federal court may not

Case No. 1:07-CV-02901
Gwin, J.

reach the merits of claims that have been procedurally defaulted in state court by a state prisoner.

*Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006). A claim may become procedurally defaulted in two ways. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991). First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.* If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue and the state procedural rule is an independent and adequate grounds for precluding relief, then the claim is procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a petitioner may procedurally default a claim by failing to raise and pursue a claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, then the claim is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982).[3/] In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal – which could have been raised – then the claim is procedurally defaulted. *Id.*

The Sixth Circuit uses a three-step analysis to determine whether a claim is procedurally defaulted.[4/] *Maupin*, 785 F.2d at 138-39. Under this test, the Court decides (1) whether the

---

[3/] This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id.*

[4/] Courts often refer to the *Maupin* test as a four-step analysis. However, the oft repeated fourth step – a determination of whether cause and prejudice will excuse a procedural default – is not a necessary inquiry to determine
(continued...)

Case No. 1:07-CV-02901
Gwin, J.

petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review.  *Id.*

A petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *Id.*  "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Ineffective assistance of counsel can be cause for a procedural default.  *Carrier*, 477 U.S. at 488.  A petitioner may prove prejudice if they show "that the trial was infected with constitutional error." *Id.*  It is not necessary, however, to resolve the issue of prejudice if a petitioner has not shown cause.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

### III. Analysis

The single ground for relief presented in Peoples's petition is that his appellate counsel did not raise a sufficiency of the evidence argument on his initial direct appeal.  [Doc. 1.]  Peoples says that this failure constitutes ineffective assistance of counsel in violation of the Sixth Amendment. [Doc. 1.]  On Peoples's direct appeal, appellate counsel raised four assignments of error – none of which presented a sufficiency of the evidence argument – and only appealed the manifest weight of the evidence argument to the Ohio Supreme Court.  [Doc. 12-1 at 86.]  Under Ohio Rule of Appellate Procedure 26(B), Peoples successfully reopened his direct appeal and presented this sufficiency of the evidence argument to the appellate court.  [Doc. 20-1 at 3.]  The court of appeals rejected the sufficiency argument and concluded that Peoples's appellate counsel was not ineffective.

---

[4]/(...continued)
whether a claim was procedurally defaulted.  Rather, that step is relevant only after a procedural default is found.

Case No. 1:07-CV-02901
Gwin, J.

*Peoples*, 2010 WL 2245602 (Ohio Ct. App., Jun. 4, 2010).  Peoples never appealed that ruling to the

Ohio Supreme Court.

The Magistrate recommends that the Court dismiss this petition as procedurally defaulted

since Peoples did not attempt to appeal his Rule 26(B) petition to the Supreme Court of Ohio.  [Doc.

23.]  The Federal Magistrates Act requires a district court to conduct *de novo* review only of those

portions of a report and recommendation to which a party has objected.  28 U.S.C. § 636(b)(1)(C).

Here, Petitioner Peoples objects to the Magistrate's recommendation that the Court dismiss the

petition as procedurally defaulted.  [Doc. 24.]   In supporting his objection, the Petitioner says that

his appellate counsel failed to file an appeal to the Supreme Court of Ohio, despite promising that

he would do so.  [Doc. 24.]  In his objection, Petitioner Peoples raises a second ineffective assistance

of counsel argument – saying that his procedural default should be excused due to ineffective

assistance of counsel and that the Court should then proceed to the merits of his original Sixth

Amendment ineffective assistance of counsel claim.[5]

*III.A     Procedural Default*[6]

The Court first looks to whether Peoples's claim of ineffective assistance of counsel is

procedurally defaulted.  As previously noted, the Sixth Circuit uses a three-step analysis to determine

whether a claim is procedurally defaulted.  *Maupin*, 785 F.2d at 138-39.  Under this test, the Court

decides (1) whether the petitioner failed to comply with an applicable state procedural rule; (2)

whether the state courts actually enforced the state procedural sanction; and (3) whether the state

---

[5] Since the Petitioner is proceeding *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney and are liberally construed in his favor."  *Humphreys v. United States*, 238 F. App'x 134, 138 (6th Cir. 2007) (citations omitted).

[6] The Court finds that the petition is brought within the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).  Additionally, the Court also finds that state remedies are exhausted, since there are no longer any available state grounds for relief.  *Rust*, 17 F.3d 160.

Case No. 1:07-CV-02901
Gwin, J.

procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review. *Id.*

Under the first prong of the *Maupin* test, there is no dispute that the ineffective assistance claim was not filed within the Ohio procedural time period. In his objection to the Magistrate's Recommendation, the Petitioner even admits that he did not timely file an appeal to the Supreme Court of Ohio. [Doc. 24 at 2.] Under Ohio law, an appeal to the Supreme Court of Ohio is now barred as untimely, since that claim needed to have been brought within forty-five days of the court of appeals decision. *See* S.Ct.Prac.R. II § 2(A)(1) & (4)(c). Here, that appeal was never filed and is now time barred. Accordingly, the first prong of the *Maupin* test is satisfied.

The second prong of the test – whether state courts actually enforce the procedural sanction – is also not disputed. Petitioner Peoples failed to file an appeal to the Supreme Court of Ohio on his ineffective assistance of counsel claim. Ohio law now entirely bars review of any appeal, since under Rule II § 2(A)(4)(c), the clerk of court is instructed to "refuse to file motions for delayed appeal involving postconviction relief . . . including appeals brought pursuant to . . . App.R. 26(B)." S.Ct.Prac.R. II § 2(4)(c). Indeed, not only would an appeal now filed by Peoples be rejected by the Supreme Court of Ohio as untimely, the clerk of court is barred from even allowing the filing of such appeal. Therefore, the second prong of the *Maupin* test is also met.

The third prong of the *Maupin* test – adequate and independent state grounds – is also met. The Sixth Circuit holds that a denial of review on the basis of Rule II § 2(A)(4) is an adequate and independent state ground for purposes of procedural default. *See Smith v. State of Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Case No. 1:07-CV-02901
Gwin, J.

Since the Petitioner's claim of ineffective assistance of counsel is procedurally defaulted, the Court must reject his Petition unless Peoples succeeds in showing "cause" and "actual prejudice." *Maupin*, 785 F.2d at 138-39.  Ineffective assistance of counsel can be cause for a procedural default. *Carrier*, 477 U.S. at 488.  However, "[t]here can [only] be a constitutional claim of ineffective assistance of counsel [ ]at a stage of the proceedings when there is a right to counsel under the Sixth Amendment." *Smith*, 463 F.3d at 426.  The Sixth Circuit previously held that there is no federal constitutional right to assistance of counsel for filings made under Ohio Rule of Appellate Procedure 26(B), since Rule 26(B) is a form of collateral review.  *Id.*; *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005).  Here, Peoples's claim of ineffective assistance of counsel relates to his attorney's failure to file notice of appeal to the Supreme Court of Ohio during his Rule 26(B) filing.  Thus, since there was no right to counsel on that claim in the first instance, Peoples's claim of ineffective assistance of counsel must necessarily fail –  whether or not Peoples's counsel acted reasonably in not  filing notice of appeal to the Ohio Supreme Court within the forty-five day deadline.

Accordingly, the Court finds that the Petitioner fails to show "cause" and "prejudice" for his procedural default.  Since the Petitioner procedurally defaulted his claim of ineffective assistance of counsel, the Court need not reach the merits of the petition.  The Court **DENIES** the petition for a writ of habeas corpus.  Further, since the record in this case clearly indicates that the Petitioner's claims are procedurally defaulted, the Court finds that an evidentiary hearing is unnecessary.  *See Stanford v. Parker*, 266 F.3d 442, 459-60 (6th Cir. 2001).  Thus, the Court also **DENIES** the Petitioner's request for an evidentiary hearing.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and

-10-

Case No. 1:07-CV-02901
Gwin, J.

Recommendation and **DENIES** Peoples's petition for a writ of habeas corpus.  Further, the Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

good faith and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c);

Fed. R. App. P. 22(b).

      IT IS SO ORDERED.


Dated: October 19, 2010                s/       *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE